Ge GAO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided June 9, 2004.

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Earle B. Wilson, Esq., Ann Carroll Varnon, Esq., Margot L. Nadel, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, PREGERSON, and BRUNETTI, Circuit Judges.

MEMORANDUM *

Petitioner Ge Gao, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA" or "Board") affirming without opinion the Immigration Judge's ("IJ") decision denying Gao asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. The IJ held that Gao's asylum claim was time-barred, and he denied all other relief after making an adverse credibility finding. We have no jurisdiction to review Gao's claims for asylum, relief under the Torture Convention, or voluntary departure. We have jurisdiction over the BIA's denial of Gao's request for withholding of removal under 8 U.S.C. § 1252(a). We hold that the IJ's adverse credibility finding is not supported by substantial evidence, and we remand to the BIA to consider Gao's withholding of removal claim.

## I. Asylum

The IJ held that Gao's asylum application was time-barred because it was not filed within one year of Gao's entry into the United States, and his failure to timely file his application was not excused by extraordinary circumstances. We have no jurisdiction to consider whether the IJ erred in holding Gao's asylum application to be untimely. 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

## II. Relief under the Convention Against Torture

Gao did not argue his CAT claim, or even use the word "torture," in his BIA appeal or his brief to this Court. Because protection under the CAT is based on torture rather than persecution, one would expect arguments specifically related to

torture. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994). Therefore, we have no jurisdiction to consider Gao's claim for relief under the Torture Convention.

## III. Voluntary Departure

The INA divests courts of jurisdiction over an appeal from the denial of a request for voluntary departure. 8 U.S.C. § 1229c(f); *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002). Therefore, we cannot consider Gao's request for voluntary departure.

## IV. Withholding of Removal

### A. *Jurisdiction*

The government argues that Gao did not exhaust his administrative remedies for his withholding of removal claim because Gao did not argue specifically that he was entitled to withholding on appeal to the BIA or this Court. However, asylum applications are deemed to be applications for withholding of removal under immigration regulations and this Court's precedent. 8 C.F.R. § 1208.3(b); *Ghadessi v. INS*, 797 F.2d 804, 804 n. 1 (9th Cir.1986). An appeal of a denial of asylum is an appeal of the denial of the accompanying withholding claim, without the burden of arguing separately for withholding. Therefore, Gao exhausted his administrative remedies by appealing the IJ's asylum decision, even though we have no jurisdiction to consider his asylum claim.

### B. *Standard of Review*

Where the Board affirms without opinion, we review the IJ's decision as if it

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

were the Board's. *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003). Adverse credibility findings are reviewed for substantial evidence. *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001). Credibility findings are upheld if supported by specific, cogent reasons based on serious inconsistencies in the applicant's testimony that go to the heart of his application. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000).

### C. Adverse Credibility Finding

■ The IJ premised the adverse credibility finding both on inconsistencies in Gao's testimony about why he did not timely file his asylum application as well as in his testimony regarding the merits of his asylum claim. The inconsistencies the IJ cited relating to Gao's inability to file his claim on time included (1) the length of time Gao spent recovering from an automobile accident; (2) when Gao learned of the asylum process; and (3) the nature and extent of the ineffective assistance Gao received from his counsel. As to the inconsistencies relating to the merits of Gao's asylum claim, the IJ cited (1) Gao's explanation of his escape from the acrobat troupe; (2) whether Gao sent Christian materials to China, and, if so, why he would list his actual name and return address on the envelope; and (3) Gao's failure to present the live corroborating testimony of his roommate Li.

■ The IJ erred in lumping all of Gao's testimony together in making his adverse credibility determination; indeed, our case law requires the IJ to base an adverse credibility determination only upon serious inconsistencies in the applicant's testimony that go to the heart of his application. *See Alvarez–Santos*, 332 F.3d at 1254. Even assuming *arguendo* that inconsistencies in Gao's testimony about

why he did not timely file his asylum claim would support an adverse credibility finding with respect to the time bar, we have no jurisdiction to review such decision. However, the three grounds on which the IJ could properly rely to support a finding that Gao did not credibly testify that he fears persecution if returned to China must be reviewed for substantial evidence. We evaluate each ground in turn.

#### 1. Gao's Escape

Gao testified that he entered the United States on tour with a Chinese acrobatic troupe. Group members watched Gao closely because they feared he would escape. During a trip to Disneyland, when group members were distracted, Gao slipped away, called a Yanquiang Li, now his roommate, and fled the park. The IJ identified no inconsistencies in Gao's account, but found it inherently incredible that Gao would be able to escape if he were being watched closely.

Adverse credibility findings may not be "based on speculation and conjecture." *Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999). Gao's testimony that he was able to escape when the members of his group were distracted is not inconsistent with his testimony that the members of the troupe watched him to prevent his escape. Presumably, someone who wanted to escape would wait for a time when the group's attention lapsed. It is not implausible that the group's attention would lapse once over the course of three weeks, permitting Gao to escape.

Furthermore, the IJ must have a "legitimate articulable basis" for discounting an asylum applicant's testimony. *Gui v. INS*, 280 F.3d 1217, 1226 (9th Cir.2002); *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (overturning an adverse credibility finding where the IJ did not address petitioner's explanation for an inconsisten-

cy). "Because conjecture is not a substitute for substantial evidence," nothing about Gao's testimony concerning his escape supports the IJ's adverse credibility finding. *Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996).

### 2. Sending Religious Materials to China

Similarly, the IJ found it inherently incredible that Gao sent religious publications to China in envelopes listing his true name with the return address, because Gao had previously been in trouble with Chinese authorities for his religious activities. Gao testified that he provided his name and return address simply because it is required, so the envelope could be returned if incorrectly addressed. When pressed on the issue, Gao testified that he would not write a fake name because a Christian should not "give false testimony."

Again, the IJ's belief that Gao would not send religious publications to China with his name on the envelope is speculation. Gao's testimony is not inconsistent or inherently implausible. It is unclear why Gao would have thought to write a false name on the envelope after several years safe in the United States. There is nothing in the record to support the IJ's speculation that Gao would feel comfortable engaging in Christian evangelism using a false identity. Furthermore, Gao's testimony that he sent religious publications to China with his name on the envelopes does not go to the "heart of his asylum claim." *See Akinmade,* 196 F.3d at 956. Therefore, nothing about Gao's testimony concerning sending religious materials to China supports the IJ's adverse credibility finding.

### 3. Failure to Present Li's Testimony

The IJ stated that Gao's failure to present testimony from Li, the person who Gao testified helped him escape, indicates that Gao's claim may be untrue. Gao testified that he asked Li to attend the hearing, but Li was busy. No one asked Gao to elaborate on that statement.

An alien need not corroborate testimony as a general rule. *Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000). However, "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000) (remanding to allow Sidhu to call a witness because he did not have warning that not calling him might undermine his credibility).

Assuming *arguendo* that the IJ had reason to question Gao's credibility because of Gao's testimony related to the asylum time bar, Gao's failure to have Li testify provides no support for the IJ's adverse credibility finding. Gao provided significant corroboration of his claim, as discussed below. "Where, as here, a petitioner provides some corroborative evidence to strengthen his case, his failure to produce still more supporting evidence should not be held against him." *Gui,* 280 F.3d at 1227. Because asylum applicants generally are not required to supply corroborating testimony, Gao had no way of knowing that Li's testimony would be deemed important. Furthermore, Gao's explanation that Li was busy is not implausible. Because no one asked Gao a follow-up question about Li's failure to testify, any hypothesis about why Li did not attend is speculation, including the IJ's suggestion that Li's absence suggests that Gao's claim is untrue.

#### 4. Corroborating Evidence

Dong Hong Yuan, a fellow church member of Gao, testified that the church provides publications that members send to China, including the publication that Gao mentioned by name during his testimony, which she did not hear.[1] Additionally, Gao provided various documents to corroborate elements of his claim. For example, Gao presented a copy of a letter from his sister, which states that police recently came to her house to investigate Gao and told her that Gao should report to the public security bureau upon return to China. Furthermore, Gao submitted numerous human rights reports that detail persecution of members of unregistered house churches in China. The strong parallels between his testimony and these reports lend credibility to many aspects of his testimony.

#### 5. Adverse Credibility Finding Not Supported

The IJ made two fundamental errors in making his adverse credibility determination. First, the IJ improperly bolstered his adverse credibility determination on testimony not related to the heart of Gao's persecution claim. Second, as to that testimony related to Gao's claim, the IJ's reasons for finding that Gao did not credibly testify that he fears persecution if returned to China find no support in the record. Gao provided detailed and consistent testimony about his fear of persecution on account of his religion if returned to China and corroborated aspects of his claim. The IJ's adverse credibility finding is based on speculation and the IJ's belief that Gao should have further corroborated his claim. Therefore, we conclude that the IJ's adverse credibility finding is not supported by substantial evidence and must be overturned.

#### C. Necessity of Remand

■ Under *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), when we overturn an adverse credibility finding, we ordinarily remand to the BIA to determine whether the petitioner meets the criteria for withholding of removal. The BIA or an IJ should make the first determination whether the petitioner's testimony, if taken as true, shows that he faces a clear probability of future persecution. *See He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003). The IJ did not reach the issue of whether Gao's testimony establishes his eligibility for withholding of removal. Therefore, we remand to the BIA for consideration of Gao's claim for withholding of removal, taking as true the evidence and testimony Gao presented relevant to his claim for withholding of removal.

### V. Conclusion

The INA divests the Court of jurisdiction to consider Gao's appeals of the decision that his asylum application was untimely and the denial of his request for voluntary departure. The Court has no jurisdiction over Gao's CAT claim because he did not argue the claim on appeal to the BIA or this Court.

We do have jurisdiction to review Gao's claim for withholding of removal, because his appeal of his asylum claim functions as an appeal of his claim for withholding of removal. The IJ's finding that Gao did not credibly testify that he fears persecution if returned to China is not supported by substantial evidence. Therefore, we overturn the IJ's adverse credibility finding and remand to the BIA to consider Gao's claim for withholding of removal, taking as true the evidence and testimony Gao pre-

1. Yuan was sequestered during Gao's testimo- ny.

sented relevant to his claim for withholding of removal.

**DISMISSED IN PART, GRANTED AND REMANDED IN PART.**